IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TERESA M. PALMORE                                                              PLAINTIFF

V.                            NO. 3:18CV00084 KGB/PSH

SOCIAL SECURITY ADMINISTRATION                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Teresa M. Palmore, applied for disability benefits on August 20, 2015, alleging a disability onset date of June 10, 2015. (Tr. at 24). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 33). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Ms. Palmore has requested judicial review.

For the reasons stated below, this Court should affirm the ALJ's decision.

**II. The Commissioner's Decision:**

Ms. Palmore was 41 years old on the alleged onset date of disability, June 10, 2015. (Tr. at 49, 50). She was 5'5" and 360 pounds. (Tr. at 58). The ALJ found that Ms. Palmore had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 26). At Step Two, the

ALJ found that Ms. Palmore has the following severe impairments: right foot stress fracture, Achilles tendonitis of the left ankle, degenerative disc disease, bilateral carpal tunnel syndrome, left cubital tunnel syndrome, and obesity. *Id.*

After finding that Ms. Palmore's impairment did not meet or equal a listed impairment (Tr. at 27), the ALJ determined that Ms. Palmore had the residual functional capacity ("RFC") to perform the full range of sedentary work, except that: (1) she would require a sit/stand option that involves standing or walking intervals of 15 minutes and sitting in intervals of 30 minutes; (2) she could occasionally use both hands for gross manipulation but frequently use both hands for fine manipulation; (3) she must avoid exposure to hazards such as moving mechanical parts of equipment, tools, or machinery, must avoid electric shock, and must avoid exposure to unprotected heights. *Id.*

The ALJ determined that Ms. Palmore was not capable of performing any past relevant work. (Tr. at 32). Relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Ms. Palmore's age, education, work experience and RFC, jobs existed in the national economy which she could perform, specifically callout operator and surveillance systems monitor. (Tr. at 33). Consequently, the ALJ found that Ms. Palmore was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a

conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

    B.   Ms. Palmore's Arguments on Appeal

Mr. Palmore contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ did not give appropriate weight to the opinion of treating physician Dr. Joseph Yao, M.D. (an orthopedist), and that the hypothetical posed to the VE did not incorporate Ms. Palmore's need for a walker.

Ms. Palmore underwent surgery in 2015 for a stress fracture of the right foot. (Tr. at 398). By August 2015, Ms. Palmore reported that she had slight improvement and Dr. Yao noted that she had normal motor and sensory functioning. (Tr. at 425). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). During an examination in September 2015, Dr. Jennifer Morrow, M.D., found normal muscle strength and no fatigue, swelling, or numbness (Tr. at 331-337). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

3

Dr. Morrow urged Ms. Palmore to exercise. (Tr. at 332). Dr. Yao noted a few days later that Ms. Palmore did not walk with a limp and he said she should exercise at home. (Tr. at 420-422). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). In November 2015, Dr. Donita Keown, M.D., said that the foot pain and fracture were stable, and that Ms. Palmore was ambulatory without assistive devices. (Tr. at 439).

A December 2015 lumbar MRI showed central and left-sided disc herniation contacting the nerve roots. (Tr. at 437). But in that same time frame, Dr. Morrow noted normal strength in Ms. Palmore's back. (Tr. at 331). Dr. Yao also noted that the MRI findings were unchanged from a 2013 MRI and he did not recommend surgery or steroid injections because Ms. Palmore's back "feels much better." (Tr. at 468). Ms. Palmore continued to perform medium level work after the 2013 MRI. (Tr. at 49). Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994). In January 2016, Dr. Yao put Ms. Palmore on indefinite sick leave from her current work, which was at the medium level and required that she stand for 8-12 hours. (Tr. at 468). He did not restrict her from performing ALL work. He said, in fact, that she would need work which allowed her to be able to change positions periodically. (Tr. at 573). This closely mirrors the RFC for a sit/stand option.

Dr. Yao gave an opinion in a medical source statement dated January 31, 2017 that covered the time period of "2015 to ongoing." (Tr. at 691). He opined that Ms. Palmore could stand and/or walk a total of only 2 hours in an 8 hour workday, and could sit a total of 4 hours in an 8 hour workday. (Tr. at 690-691). He also said that she could only occasionally balance, stoop, kneel,

4

crouch, and bend, and she could never stoop. *Id*. A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The opinion of a treating physician, however, does not automatically control; nor does it eliminate the need to evaluate the record as a whole. *Id*. (*quoting Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)). An ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

Dr. Yao's medical source statement opinion was contradicted by the medical evidence. Ms. Palmore's physicians routinely noted full muscle strength and motor and sensory functioning, and they found normal gait without the use of assistive devices. (Tr. at 331-337, 422, 427, 428, 439, 485, 497-498). They encouraged exercise, physical therapy, and conservative medication management. There was no need for aggressive surgery or hospitalization. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). And Dr. Yao took Ms. Palmore off standing work, not all work. He also indicated Ms. Palmore would need the option to change positions, which is reflected in the RFC.

Furthermore, Dr. Keown gave an opinion in November 2015 that Ms. Palmore could sit for six hours during an eight-hour workday, walk and/or stand three to four hours during the workday, and occasionally lift and carry twenty to twenty-five pounds. (Tr. at 440). Dr. Keown found no evidence that Ms. Palmore needed a handheld assistive device to walk. *Id*. Dr. Clarence Ballard, M.D., the reviewing physician, also limited Ms. Palmore to sedentary work. (Tr. at 83).

5

These opinions were consistent with the medical record, and deserved more weight than Dr. Yao's opinion, which was internally inconsistent. The ALJ appropriately weighed and discussed the medical opinions.

As for Ms. Palmore's carpal tunnel syndrome, it was assessed as mild to moderate. (Tr. at 524). Still, she had release surgery on her left hand. (Tr. at 680). She admitted that the surgery helped. (Tr. at 60-61). She could button a button and hold a pen to write. *Id.* She did not need any more aggressive treatment. The ALJ properly limited the amount of gross manipulation in the RFC based on carpal tunnel syndrome.

At Step Five, the ALJ asked the VE about the availability of work for someone with Ms. Palmore's RFC, age, education, and work experience. Ms. Palmore argues that the ALJ should have required the use of a walker in the RFC. However, the record shows that Ms. Palmore could walk without assistive devices. A hypothetical question is properly formulated if it sets forth impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (*quoting Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The ALJ properly relied upon evidence of normal motor and neurological exam findings, mild objective testing, and conservative treatment to formulate his hypothetical, and therefore, he properly relied upon the VE testimony.

### IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Palmore was not disabled. The ALJ gave appropriate weigh to the medical opinions and he fulfilled his duty at Step Five. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 14th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE