**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**TERESA M. PALMORE**                                                    **PLAINTIFF**

**v.**                        **Case No. 3:18-cv-00084-KGB**

**ANDREW SAUL, Commissioner,**
**Social Security Administration**                                       **DEFENDANT**

**ORDER**

Plaintiff Teresa Palmore appeals the decision of the Social Security Commissioner ("Commissioner") denying her Social Security benefits. The Court has received the Recommended Disposition from Magistrate Judge Patricia Harris in which Judge Harris concludes that substantial evidence supports the Commissioner's decision that Ms. Palmore was not disabled (Dkt. No. 14). Ms. Palmore filed timely objections to the Recommended Disposition (Dkt. No. 15). After reviewing the Recommended Disposition and the timely objections thereto, as well as after conducting a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 14).

**I.      Discussion**

The Court writes separately to address Ms. Palmore's objections (Dkt. No. 15). Ms. Palmore contends that Judge Harris incorrectly determined that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence (*Id.*). Specifically, Ms. Palmore argues that the ALJ erred by failing to give proper weight to the opinion of her treating physician, Joseph Yao, M.D., in the calculation of her residual functional capacity ("RFC") (*Id.* at 1). Ms. Palmore also argues that the hypothetical posed by the ALJ to the vocational expert ("VE") improperly omitted Ms. Palmore's use of a walker (*Id.*, at 3). Finally, Ms. Palmore argues that substantial

evidence does not support the ALJ's finding that enough available jobs existed in the national economy that Ms. Palmore could perform (*Id.*).

In considering Ms. Palmore's objections, the Court notes that its "standard of review is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan v. Barnhart*, 368 F.3d 857, 862-63 (8th Cir. 2004). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* To determine whether the evidence is substantial, courts "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side." *Pearsall*, 274 F.3d at 1217.

### A.     RFC Determination

Having reviewed the record as a whole *de novo*, the Court agrees with Judge Harris that the ALJ's calculation of Ms. Palmore's RFC is supported by substantial evidence in the record as a whole.

First, the ALJ gave proper weight to Dr. Yao's medical opinion when determining Ms. Palmore's RFC. Ms. Palmore underwent surgery in 2015 for a stress fracture of her right foot (Tr., 398).[1] By August 2015, Dr. Yao noted that she had normal motor and sensory functioning (Tr.,

---

[1]  The transcript was filed of record in this case, and all citations to the transcript use the original pagination found on the bottom left-hand corner of each page of the transcript (*see* Dkt. Nos. 8, 8-1, 8-2, 8-3, 8-4, 8-5, 8-6, 8-7, 8-8, 8-9).

425). Dr. Yao also suggested the use of crutches and exercise, stretching, and local heat (Tr., 426). In September 2015, Jennifer Morrow, M.D., found that Ms. Palmore had normal muscle strength and no fatigue, swelling, or numbness (Tr., 331-37). Dr. Morrow also encouraged Ms. Palmore to exercise (Tr., 332). In November 2015, Donita Keown, M.D., said that Ms. Palmore's foot pain and fracture were stable and that she could move about without assistive devices (Tr., at 439).

In December 2015, Ms. Palmore had a lumbar MRI that showed central and left-sided herniation contacting the nerve roots (Tr., at 437). Around the same time, Dr. Morrow noted normal strength in Ms. Palmore's back (Tr., at 331). Dr. Yao noted that the MRI findings were unchanged from a 2013 MRI, and Ms. Palmore continued to perform medium-level work after the 2013 MRI (Tr., 49, 468). Dr. Yao also did not recommend surgery or steroid injections on the grounds that Ms. Palmore's back "feels much better." (Tr., 468).

In January 2016, Dr. Yao placed Ms. Palmore on indefinite sick leave from her current work, which was at the medium level and required that she stand for 8 to 12 hours (*Id.*). Dr. Yao opined that she would need work which allowed her to be able to change positions periodically (Tr., 573). Also, on January 31, 2017, Dr. Yao stated that from "2015 to ongoing" Ms. Palmore could stand or walk a total of only two hours in an eight-hour workday, and she could sit a total of four hours in an eight-hour workday (Tr., 690-91).

Judge Harris found that Dr. Yao's statement was contradicted by the medical evidence, as Ms. Palmore's physicians noted that she had full muscle strength and motor and sensory functioning and a normal gait without the use of assistive devices (Dkt. No. 14, at 5). Judge Harris also noted that Dr. Keown gave an opinion in November 2015 that Ms. Palmore could sit for six hours during an eight-hour workday, walk or stand three to four hours during the workday, and occasionally lift and carry 20 to 25 pounds (Tr. 440). Furthermore, Judge Harris noted that Dr.

Keown found no evidence that Ms. Palmore needed a handheld assistive device to walk (*Id*.). Judge Harris also noted that Clarence Ballard, M.D., a reviewing physician, limited Ms. Palmore to sedentary work (*Id*.). Judge Harris concluded that these opinions were consistent with the medical record and deserved more weight than Dr. Yao's opinion, which Judge Harris described as internally inconsistent (*Id*.).

Ms. Palmore argues that Dr. Yao's opinion should have been given greater weigh as he was the treating physician and because his opinion was the only physician's opinion provided "post-carpal tunnel release." (Dkt. No. 15, at 2). While it is true that "[a] treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight," the Commissioner "may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (quoting *Cunningham v. Apfel*, 22 F.3d 496, 502 (8th Cir. 2000); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)). The following evidence supports the ALJ's decision to discount Dr. Yao's opinion: Ms. Palmore's other physicians routinely noted full muscle strength, motor and sensory functioning, and a normal gait without the use of assistive devices; the other physicians encouraged exercise and other conservative treatments; and Dr. Yao himself did not recommend that Ms. Palmore be taken off all work. Accordingly, the Court agrees with Judge Harris that the ALJ's decision to discount Dr. Yao's opinion is supported by substantial evidence in the record as a whole.

As for Ms. Palmore's carpal tunnel syndrome and its affect upon her RFC, the Court also agrees with Judge Harris that the ALJ's RFC determination was supported by substantial evidence in the record as a whole. The Eighth Circuit Court of Appeals has conclusively stated that a claimant's RFC is determined at "step four," where the burden of proof rests with the claimant.

*Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000) (citations omitted). Ms. Palmore argues that, regarding her carpal tunnel syndrome, "the ALJ had nothing to create an RFC on besides the treatment notes post-release." (Dkt. No. 15, at 2). Ms. Palmore also argues that the record evidence indicates that her wrists were tender and more numb following the surgery, though she does concede that she testified that the surgery "has helped the left hand some . . . ." (*Id.*). Judge Harris noted that the record showed that Ms. Palmore could button a button and hold a pen to write following her surgery (Dkt. No. 14, at 6). Judge Harris also noted that the ALJ limited the amount of gross manipulation in Ms. Palmore's RFC based upon Ms. Palmore's carpal tunnel syndrome. Given that the burden of evidence at step four rests with Ms. Palmore, the Court agrees with Judge Harris that the ALJ's RFC determination is supported by substantial evidence in the record as a whole.

## B. Vocational Expert Hypothetical

Ms. Palmore also objects to the Recommended Disposition on the basis that the ALJ did not include the use of a walker or other assistive device when posing a hypothetical to the VE regarding the availability of work for someone with Ms. Palmore's RFC, age, education, and work experience (Dkt. No. 15, at 3). Ms. Palmore also argues that the prescription of a walker means that some consideration for its use must have been given by the ALJ, and she also argues that the fact that Dr. Keown indicated that Ms. Palmore did not need to use a cane was insufficient reason for the ALJ to exclude a walker from the hypothetical posed to the VE (*Id.*). A hypothetical question is properly formulated if it sets forth impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (*quoting Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). Given the record evidence of normal motor and neurological functions, the fact that Dr. Keown noted that Ms. Palmore could

move without an assistive device, and the recommended conservative treatments, the Court agrees with Judge Harris that the ALJ posed a proper hypothetical to the VE and properly relied upon the VE's testimony.

**C.     Number Of Jobs In The National Economy**

Ms. Palmore also argues that the ALJ erred in concluding that there are a significant amount of jobs in the national economy that she can perform.  The record evidence is that the VE testified that a hypothetical individual with Ms. Palmore's age, education, work experience, and RFC would work as a call out operator or as a systems surveillance monitor (Tr., 69).  The VE stated that there are approximately 8,000 call out operator positions and 5,000 surveillance systems monitor positions in the national economy (Tr., 69).  The VE also testified that, if a standing position was required, that would "reduce some of the job numbers." (Tr., 71).  On the other hand, the VE testified that the hypothetical jobs offered would not be affected by a sit/stand option (Tr., 69-70).  Based upon this evidence, the ALJ concluded that other jobs existed in significant enough numbers for Ms. Palmore to make a successful adjustment to other work (Tr., 33).

The Court concludes that substantial evidence supports the ALJ's finding that other work existed in significant numbers for Ms. Palmore to make a successful adjudgment.  The determination of whether jobs exist in significant number is left "to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation."  *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997) (internal quotations omitted).  The Eighth Circuit has previously held that 10,000 jobs available nationally suffices as a significant number of jobs.  *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997).  While the VE did testify that a standing requirement might reduce the number of available jobs, she also testified that the number of available jobs would not be affected by a sit/stand option.  Given that the record evidence indicates

that 13,000 jobs were nationally available, even if this number was somewhat reduced, the Court concludes that substantial evidence supports the ALJ's determination that a significant number of jobs exist in the national economy that Ms. Palmore can perform.

## II.    Conclusion

The Court concludes that the Commissioner's decision is supported by substantial evidence in the record as a whole.  It is therefore ordered that the Commissioner's decision is affirmed, Ms. Palmore's request for relief is denied, and this case is dismissed with prejudice.  Judgment shall be entered accordingly.

So ordered this the 29th day of August 2019.

Kristine G. Baker
United States District Judge